Parker C. J.
delivered the opinion of the Court. The condition of the bond on which the action is brought, is in the nature of a covenant to warrant the title of the plaintiff in the portion of the stream and privilege which the defend ants had conveyed to him. The breach assigned is, that Cummings claimed and actually had right and title to the privilege. This is traversed, and a nonsuit has been ordered on the ground that Cummings had not the title alleged.
The evidence offered by the plaintiff, of title in Cummings, was a deed from A. Cunningham to Cummings, of a tract of land, particularly described, which is said and admitted to include within its bounds the stream which is in controversy.
The stream, however, is not granted specifically, nor is there any general grant of the privileges and appurtenances of the land conveyed. But if Cunningham had a right to the *58 stream, it may be considered, for the purposes of this action, that the use and privilege of it passed with the land. It was necessary therefore for the plaintiff, in order to maintain the issue, to show that .Cunningham had a title to the stream.
• This was done by the deed to Cunningham from D. Barr ; which conveys the same land, including within its bounds the stream, and in the habendum has the usual clause of conveyance of privileges and appurtenances. But in the body of the deed, after the description of the land, without mentioning the privileges or the stream, is the following clause: — i£ And it is to be understood, and it is the intention of this deed, to convey to the said Cunningham as much of the privilege of the water as shall be sufficient for the use of a fulling-mill, or a bark mill, whenever there is a sufficiency therefor.” The manifest intention of this clause is, to restrict the operation of the deed in regard to the stream, to that portion of the water necessary for a fulling-mill; and effect ought to be given to this intention, if it can be done without violation of the rules of law.[1] 11It is urged, that the whole of the stream passed by the conveyance of the land, and that this restraining clause, being subsequent, is void for repugnancy, whether it be considered in the light of an exception or reservation or as an explanation of the preceding words of conveyance. The principle on which the objection rests is correctly stated, but its application is mistaken. If there is an explicit and unambiguous grant of a thing, any exception or reservation which is manifestly contradictory is to be rejected; as if a man convey twenty acres, excepting one acre. But if a farm or tract of land is conveyed by general terms, an exception of any number of acres, or any particular lot, is not repugnant, but will be valid. The case of Cutler v. 'Tufts, 3 Pick. 272, exemplifies the principle. There the conveyance was construed to be of a moiety, and in a subsequent clause the grantor said, that he meant to convey a fourth part. This was obviously contradictory, and so was rejected.
In the case before us, the privilege had not been granted *59 m terms, before the explanation, though it probably, without the restraining clause, would have passed by construction; but there being no express grant, the restrictive clause cannot be considered contradictory or repugnant. It does not appear in the case whether Barr, when he conveyed to Cunningham, was the owner of more of the stream than was ne cessary for the use of the fulling-mill. If he was, he reserved all the surplus to himself; if he was not, he would not be bound upon his covenant for more than he intended to convey.
With respect to the possession of Cummings, and his lease to a tenant, this only shows a possession which, for aught that appears, might be unlawful, and the defendants are not bound to indemnify against unlawful claims or possessions.[1]
Nonsuit made absolute.

 See Ingell v. Nooney, 2 Pick. (2d ed.) 366, in notes; Wader v. Howard, 11 Pick. 296; State v Trash, 6 Vermont R. 355, 364.

 See Platt on Covenants, 313 et seq.; Marston v. Hobbs, 2 Mass. R. (Rand’s ed.) 438, n. (a); 2 Wms’s Saund. 181 a, note; 2 Stark. Ev. (5th Amer. ed.) 249.